Opinion filed April 21,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00091-CR

                                                    __________

 

                                 IN
RE BERNARD WASHINGTON



 

                                         Original
Mandamus Proceeding

 



 

                                            M
E M O R A N D U M    O P I N I O N

            Relator, Bernard Washington, has filed a pro se petition for writ of mandamus, seeking
to compel the trial court to “vacate the trial court’s order of conviction
under the Texas Rules of Appellate Procedure, 43.2(e) to vacate the trial
court’s judgment and dismiss the case.”  The jury convicted relator of two
counts of assault on a public servant.  We affirmed relator’s convictions in
our previous opinion issued in his direct appeal.  Washington v. State, No. 11-08-00250-CR, 2009 WL 1912763 (Tex. App.—Eastland July
2, 2009, pet. ref’d) (mem. op., not designated for publication).  He now seeks
a postconviction order from our court voiding his convictions.  We dismiss for
want of jurisdiction.

Only
the Texas Court of Criminal Appeals has jurisdiction over matters related to
post-conviction relief from an otherwise final felony conviction.  See Ater
v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); see
also Tex. Code Crim. Proc. Ann.
art. 11.07 (Vernon Supp. 2010); Bd. of Pardons & Paroles ex rel. Keene
v. Court of Appeals for Eighth Dist., 910 S.W.2d 481, 483 (Tex. Crim. App. 1995)
(holding that “Article 11.07 provides the exclusive means to challenge a final
felony conviction.”). Because the relief sought in relator’s petition relates
to postconviction relief from an otherwise final felony conviction, we are
without jurisdiction to consider his petition for writ of mandamus.

            We dismiss relator’s request for mandamus relief
for want of jurisdiction.

 

                                                                                                PER
CURIAM

 

April 21, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel[1]
consists of:  Wright, C.J., 

McCall, J., and Hill, J.[2]









[1]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.

 





[2]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.